# EXHIBIT A

Case 4:17-cv-00824-Y   Document 1-1   Filed 10/13/17   Page 2 of 34   PageID 6



**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 10/12/17 10:25 AM |
|---|---|

| Cause Number: | 096-293963-17 | Date Filed: 08-17-2017 |
|---|---|---|

REBECCA ANN FULTS    | VS |    ALLSTATE COUNTY MUTUAL
INSURANCE COMPANY

Cause of Action:       OTHER CIVIL, ANTITRUST/UNFAIR COMPENSATION

Case Status:           PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 08-17-2017 | PLTF'S ORIG PET (W/CIVIL CASE INFO SHEET) | N | I | 284.00 | |
| 08-17-2017 | COURT COST (PAID) trans #1 | Y | | | 284.00 |
| 08-17-2017 | SERVICE REQ FORM (EMAIL) | | I | | 0.00 |
| 08-17-2017 | JURY FEE | N | | 40.00 | |
| 08-17-2017 | COURT COST (PAID) trans #4 | Y | | | 40.00 |
| 08-17-2017 | CIT-ISSUED ON ALLSTATE COUNTY MUTUAL INSURANCE COMPANY-On 08/21/2017 | N | Svc | 8.00 | |
| 08-17-2017 | COURT COST (PAID) trans #6 | Y | | | 8.00 |
| 10-02-2017 | CIT RETURN/ALLSTATE COUNTY MUTUAL INS COMPANY | I | | | 0.00 |
| 10-02-2017 | CIT Tr# 6 RET EXEC(ALLSTATE COUNTY MUTUAL INSURANC E COMPANY) On 09/19/2017 | I | | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

FILED
TARRANT COUNTY
8/17/2017 4:04 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. **096-293963-17** _____

| | | |
|---|---|---|
| REBECCA ANN FULTS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** REBECCA ANN FULTS ("Ms. Fults"), Plaintiff herein, and files this suit against Defendant, Allstate County Mutual Insurance Company, and in support of her claim, would respectfully show the Court as follows:

### I.

### DISCOVERY AND PLAINTIFF'S JURY DEMAND

Discovery should be conducted in accordance with a discovery control plan under Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

Plaintiff hereby demands a jury trial and has tendered the appropriate jury fee.

## II.

### PARTIES AND SERVICE OF CITATION

2.01   Plaintiff, Rebecca Ann Fults, is an individual who resides in Tarrant County, Texas, and resided in Tarrant County, Texas, at all material times mentioned herein.

2.02   Defendant, Allstate County Mutual Insurance Company, is an insurance company who may be served with process by serving its agent for service of citation, C T Corporation System, 1999 Bryan Street, Suite, 900, Dallas Texas 75201-3136.

## III.

### JURISDICTION AND VENUE

3.01   This Court has jurisdiction of this matter, as the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.02   Venue is proper in Tarrant County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to the claims set out herein occurred in Tarrant County. The accident referenced herein which is a part of the basis of Ms. Fults'

claim occurred in Tarrant County, Texas, as did the inappropriate actions of Defendant, Allstate County Mutual Insurance Company.

## IV.

### UNDERLYING FACTS

**A.   Ms. Fults' Accident of 4/16/13 at the Hands of Allstate's Insured, Nathan Henslee, Who Was Intoxicated at the Time and Negligently Struck Ms. Fults' Automobile and Ran**

4.01   On April 16, 2013, Rebecca Fults was the victim of a hit-and-run accident at the hands of Allstate's insured, one Nathan Henslee. The accident occurred in the 1300 block of Henderson Street in Fort Worth, Texas, at the intersection of 900 El Paso.

4.02   Ms. Fults was driving her mother's car at the time, which was a 2001 Toyota Camry Solara. At the date and time in question, Mr. Henslee turned and violently crashed into Ms. Fults' Toyota Camry Solara with his Chrysler PT Cruiser and immediately left the scene. Ms. Fults since learned that Mr. Henslee was intoxicated at the time of the accident and was arrested for DWI. Mr. Henslee also fled the scene of the accident. A true and correct copy of the police report is attached hereto and incorporated herein for all intents and purposes and marked as Exhibit "1."

4.03   There is no dispute and there has never been any dispute about the cause of the accident in question. The accident was completely the fault of Nathan Henslee, who, as set out above, was intoxicated at the time he crashed into Ms. Fults' car.

4.04   Ms. Fults suffered injuries as a result of the accident, including but not limited to, significant personal injuries, as well as significant damage to her automobile.

## B.   Ms. Fults' Attempts to Settle Her Claim with Allstate

4.05   After the accident, Ms. Fults learned that Nathan Henslee was insured by Allstate. Accordingly, Ms. Fults and her father attempted to resolve her claim for damages voluntarily with Allstate. As indicated above, there was never a dispute as to the cause of the accident, thereby making voluntary resolution of the matter the logical step for Ms. Fults.

4.06   Ms. Fults and her father first tried to settle the property damage portion of the accident (damage to Ms. Fults' car) for a reasonable sum by offering to do so with Allstate. Allstate refused, despite its obviously liability, thereby forcing the Fults to file a claim in Small Claims Court against Nathan Henslee, which was resolved in favor of the Fults for the amount of their

previous claim made to Allstate. To be clear, it was only then (after forcing the Fults to file a claim in Small Claims Court) that Allstate paid the property damage to Ms. Fults' mother's car. This was but the first of Allstate's inappropriate, inexcusable, and bad-faith actions in connection with Ms. Fults' claim.

4.07   After finally resolving the property damage claim to the Fults' car against Allstate by having to go to Small Claims Court, Ms. Fults then attempted to resolve her bodily injury liability claim with Allstate, with the assistance of her father.

4.08   On April 14, 2014, Ms. Fults sent a written communication to Allstate's office in Irving, Texas. In that communication, Ms. Fults offered to settle her bodily injury claim against Allstate for a sum within the available limits of Mr. Henslee's policy. At that time, it remained clear that Allstate's insured was at fault in the accident and Allstate knew that. Ms. Fults clearly indicated to Allstate in that communication that she had incurred $15,268 in medical expenses directly related to the accident, lost 200+ hours of work, which was delivering pizzas at that time, and had logged over 500 miles for appointments and many hours performing daily physical therapy exercises

which were caused as a result of Allstate's insured's action. She conservatively estimated her lost work at more than $3,000 and her mileage at over $300. Ms. Fults' communication to Allstate was clear. She offered to resolve the case and provide a complete release of the liability against Allstate's insured, Mr. Henslee. At the time, Ms. Fults had incurred the sum of $15,268 medicals, $3,000 lost wages, and $300 car mileage. Because Ms. Fults was unaware of the limits of Allstate's policy insuring Mr. Henslee at the time (because Allstate refused to disclose that to Ms. Fults), the demand made to Allstate was to settle her bodily injury claim for "all available limits of his policy." Ms. Fults also indicated to Allstate that she would calendar her file for fourteen days and await its response.

4.09   Instead of resolving the claim as it should have for the reasonable demand made, Allstate further delayed and failed and refused to settle the claim within the policy limits within a reasonable amount of time. Allstate refused to disclose the limits of Mr. Henslee's policy and sent a letter to Ms. Fults on April 17, 2014, acknowledging her April 14th letter, and indicating that they would review her medical bills, records, and diagnosis, but asserting that "the file excluded information related to the loss of income." Allstate then asked Ms.

Fults to provide the "medical note of disability" on their letterhead and to "verify the loss of income with [her] employer."

4.10  Ms. Fults responded to Allstate's letter with an April 25, 2014 written communication that complied with Allstate's request. That communication specifically provided the information that Allstate asked to receive. It provided information concerning her lost income and medical expenses and injuries. Ms. Fults also clearly indicated to Allstate at the time that such was all she had and that the information was responsive to Allstate's request. Since Allstate did not ask for any additional time, Ms. Fults continued to calendar April 30 as the date by which Allstate should respond. Again, Allstate delayed and refused to deal in good faith with Ms. Fults' offer to resolve her claim.

4.11  Instead of resolving the claim for the amount Ms. Fults had demanded, as it should have—an amount within the policy limits of the policy it had issued to Henslee, it sent two separate communications to Ms. Fults on May 13 and May 14 acknowledging she had requested a settlement offer, but refusing to resolve the claim. The insult to Ms. Fults' injury was completed with

Allstate's May 14th letter, which Allstate wrote Ms. Fults, offering to settle for $5,117, which was less than Ms. Fults' medical expenses.

4.12   Allstate also continued to fail and refuse to disclose the limits of Mr. Henslee's policy and failed and refused to settle the claim within the policy limits within a reasonable period of time after given the opportunity to do so.

## C.   Ms. Fults' Lawsuit Against Mr. Henslee and Resulting Judgment

4.13   Because Allstate had failed and refused to settle her claim, Ms. Fults then engaged the undersigned counsel and sued Nathan Henslee to recover the damages occasioned to her by Mr. Henslee's accident. The case was filed in the 67th Judicial District Court under Cause No. 067-275588 on November 14, 2014.

4.14   Nathan Henslee was eventually served with process in the suit, as indicated by the return of service on file in the 67th Judicial District Court. A true and correct copy of the appropriate return of service is attached hereto and incorporated herein and marked as Exhibit "2." Despite being served with process, Mr. Henslee failed and refused to answer and fell into default.

4.15   As a result of her suit, Ms. Fults recovered a judgment over and against Nathan Henslee in the total amount of $144,938.97 on February 19,

---

2015, a copy of which is attached hereto and incorporated herein for all intents and purposes and marked as Exhibit "3." This judgment remains in full force and effect and is final. It is not subject to appeal.

## D.    **Pursuit of Mr. Henslee and Allstate's Coverage**

4.16   It is clear and beyond dispute that Allstate knew of the existence of Ms. Fults' claim by virtue of the communications referenced above which Ms. Fults had with Allstate. Yet, in complete disregard and breach of the duties it owed Mr. Henslee to promptly, fairly, and completely resolve the claims and disputes of Ms. Fults, Allstate failed and refused to do so, thereby breaching its obligation to Mr. Nathan Henslee to settle the dispute by virtue of an insurance policy he obtained with Allstate.

4.17   After obtaining the judgment and after the judgment became final, and because Allstate had refused to honor its policy with Mr. Henslee by defending him in the suit and paying Ms. Fults' claim, Ms. Fults, through the undersigned counsel, began to investigate the whereabouts of Nathan Henslee in an attempt to collect on the judgment.

4.18   One of the valuable assets of Nathan Henslee and a property right to which he was entitled, was his claim against Allstate for its failure and refusal

to defend him in Ms. Fults' suit and to settle the dispute within his policy limits, duties which Allstate owed to Mr. Henslee under and by virtue of the policy of insurance he had with Allstate.

4.18   The undersigned attorney eventually located and spoke to Mr. Henslee. Mr. Henslee then agreed to assign to Ms. Fults, the claims which existed in his favor against Allstate. A true and correct copy of such assignment agreement is attached hereto, incorporated herein, and marked as Exhibit "4."

4.19   Allstate still refused to disclose to Ms. Fults the full extent of its liability coverage with Mr. Henslee. That is, until Ms. Fults hired a lawyer and the lawyer demanded, as the law would require, that such policy limits be provided. To that end, Ms. Fults' legal counsel eventually determined there was a $50,000 policy issued to Mr. Henslee. Therefore, the demand made by Ms. Fults as set out above in ¶ V was well within the policy limits of the policy issued to Mr. Henslee by Allstate, thereby making Allstate's liability under the doctrine commonly known as the "Stowers Doctrine" complete and clear.

## V.

### MS. FULTS' CAUSES OF ACTION AGAINST ALLSTATE BY VIRTUE OF THE ASSIGNMENT

5.01   There can be no question that the demand made by Ms. Fults fell completely within the bounds and descriptions of the coverage and that Allstate breached the duty to pay Ms. Fults' claim, thereby exposing it to Stowers Doctrine liability to Mr. Nathan Henslee. Therefore, by virtue of the facts set out above, Allstate is liable to Ms. Fults for all of the damages the Court has awarded her as a result of the accident, plus post-judgment interest, as set out in the *Final Judgment*, as a matter of law. To be clear, Allstate is barred by law from re-litigating Ms. Fults' claim against Mr. Henslee and the amounts and damages are set, except that all post-judgment interest continues to accrue thereon.

5.02   Allstate is liable to Ms. Fults by virtue of her assignment from Nathan Henslee for the breach of its contract with its insured, Nathan Henslee, and of its good faith and fair dealing duty owed to Nathan Henslee under the policy.

5.03   Allstate is also liable for its violations of INSURANCE CODE art. 21.21 by virtue of its actions in this case and by virtue of the assignment to Ms.

---

G:\Kirkman\JULIA\FILES\FULTS v. HENSLEE\PLEADINGS-v. ALLSTATE\ORIGINAL PETITION.wpd

Fults of the claims Nathan Henslee possesses against Allstate Insurance Company by virtue of the breaches of those duties.

**WHEREFORE, PREMISES CONSIDERED,** Ms. Fults prays that Defendant be cited to appear and answer and that Ms. Fults have and recover from Defendant damages and exemplary damages, together with pre-judgment and post-judgment interest, attorneys' fees, and court costs; and for such other and further relief to which Ms. Fults may be justly entitled.

Respectfully submitted,

KIRKMAN LAW FIRM, PLLC

By:   /s/*William L. Kirkman*
William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863

ATTORNEYS FOR PLAINTIFF,
REBECCA ANN FULTS

# EXHIBIT "1"

Law Enforcement and TxDOT Use ONLY
☐ FATAL ☐ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

Total Num. Units | 0 0 2
Total Num. Prsns. | 0 0 3
TxDOT Crash ID

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**
Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
★=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page 1 of 2

## IDENTIFICATION & LOCATION

★Crash Date (MM/DD/YYYY): 0 4 / 1 6 / 2 0 1 3
★Crash Time (24HRMM): 0 0 2 5
Case ID: 13-36620
Local Use

★County Name: TARRANT
★City Name: FORT WORTH
☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No
Latitude (decimal degrees): 3 2 . 7 3
Longitude (decimal degrees): − 9 7 . 3 3 7 6 7

**ROAD ON WHICH CRASH OCCURRED**

★1 Rdwy. Sys.: LR
★Hwy. Num.:
2 Rdwy. Part 1
Block Prefix:
Block Num. 1300
3 Street Prefix:
★Street Name: HENDERSON
4 Street Suffix: ST

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot
☐ Toll Road/Toll Lane
Speed Limit:
Const. Zone ☐ Yes ☒ No
Workers Present ☐ Yes ☒ No
Street Desc.:

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

At Int.: ☒ Yes ☐ No
1 Rdwy. Sys.: LR
Hwy. Num.:
2 Rdwy. Part 98
Block Num. 900
3 Street Prefix: W
Street Name: EL PASO
4 Street Suffix: ST

Distance from Int. or Ref. Marker: ☐ FT ☐ MI
3 Dir. from Int. or Ref. Marker:
Reference Marker:
Street Desc.:
RRX Num.:

## VEHICLE, DRIVER & PERSONS

Unit Num. 1
5 Unit Desc. 1
☐ Parked Vehicle ☒ Hit and Run
LP State TX
LP Num. DG6G795
VIN 3 C 8 F Y 4 B B 0 1 T 5 9 6 0 9 2

Veh. Year 2 0 0 1
6 Veh. Color WHI
Veh. Make CHRYSLER
Veh. Model PT CRUISER (STATION WAGON)
7 Body Style P4
☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type 1
DL/ID State TX
DL/ID Num. 34646812
9 DL Class C
10 CDL End. 96
11 CDL Rest. 96
DOB (MM/DD/YYYY) 1 1 / 1 8 / 1 9 8 9

Address (Street, City, State, ZIP): 2712 WESTFIELD AVE   FORT WORTH   TX   76133

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | HENSLEE   NATHAN | N | 23 | W | 1 | 1 | 99 | 1 | 97 | N | 1 | .143 | 96 | 97 | 97 |
| 2 | 2 | 3 | WIGGINS   CHASE   LEE | N | 25 | W | 1 | 1 | 99 | 1 | 97 | N | Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☒ Owner ☐ Lessee
Owner/Lessee Name & Address: HENSLEE   NATHAN   2712 WESTFIELD AVE   FORT WORTH   TX   76133

Proof of Fin. Resp.: ☒ Yes ☐ No ☐ Expired ☐ Exempt
26 Fin. Resp. Type 1
Fin. Resp. Name: ALLSTATE COUNTY MUTUAL INSURANCE COMPANY
Fin. Resp. Num.: 000000929984294

Fin. Resp. Phone Num.:
27 Vehicle Damage Rating 1: 2- RFQ- 2
27 Vehicle Damage Rating 2: -
Vehicle Inventoried ☒ Yes ☐ No

Towed By: A-1 TOWING
Towed To: CITY AUTO POUND

Unit Num. 2
5 Unit Desc. 1
☐ Parked Vehicle ☐ Hit and Run
LP State RI
LP Num. JJN469
VIN 2 T 1 C G 2 2 P 2 1 C 4 9 7 3 5 0

Veh. Year 2 0 0 1
6 Veh. Color WHI
Veh. Make TOYOTA
Veh. Model COROLLA
7 Body Style P4
☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type 1
DL/ID State TX
DL/ID Num. 16886213
9 DL Class C
10 CDL End. 96
11 CDL Rest. A
DOB (MM/DD/YYYY) 0 3 / 2 1 / 1 9 6 2

Address (Street, City, State, ZIP): 4740 ARDENWOOD DRIVE   FORT WORTH   TX   76123

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | FULTS   TERRI | N | 51 | W | 2 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| | | | | | | | | | | | | | Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☒ Owner ☐ Lessee
Owner/Lessee Name & Address: FULTS   TERRI   4740 ARDENWOOD DRIVE   FORT WORTH   TX   76123

Proof of Fin. Resp.: ☒ Yes ☐ No ☐ Expired ☐ Exempt
26 Fin. Resp. Type 1
Fin. Resp. Name: FARMERS TEXAS COUNTY MUTUAL INSURANCE CO
Fin. Resp. Num.: 45061652

Fin. Resp. Phone Num.:
27 Vehicle Damage Rating 1: 9- LFQ- 2
27 Vehicle Damage Rating 2: -
Vehicle Inventoried ☐ Yes ☒ No

Towed By: DRIVEN BY OWNER
Towed To:

Law Enforcement and TxDOT Use ONLY.
Form CR-3  1/1/2010

Case ID 13-36620

TxDOT Crash ID

Page 2 of 2

## DISPOSITION OF INJURED/ KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | __/__/__ | |
| | | | | __/__/__ | |
| | | | | __/__/__ | |
| | | | | __/__/__ | |
| | | | | __/__/__ | |
| | | | | __/__/__ | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 1 | 1 | DWI | |
| 1 | 1 | FLEEING | |
| 1 | 1 | LEAVING THE SCENE OF AN ACCIDENT | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

## CMV

| Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. |
|---|---|---|---|---|---|---|

Carrier's Corp. Name | Carrier's Primary Addr.

| 30 Rdwy. Access | 31 Veh. Type | ☐ RGVW ☐ GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num | HazMat ID Num. | | 32 HazMat Class Num | HazMat ID Num. |
|---|---|---|---|---|---|---|---|---|

| 33 Cargo Body Style | Trailer 1 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | Trailer 2 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type |
|---|---|---|---|---|---|---|---|---|

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles | Total Num. Tires |
|---|---|---|---|---|---|---|

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit Num. | Contributing | May Have Contrib. | | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 67 | | | | | 1 | 3 | 4 | 2 | 1 | 1 | 5 |
| 2 | | | | | | | | | | | | |

## NARRATIVE AND DIAGRAM

UNIT 1 AND UNIT 2 WERE BOTH TRAVELING NORTHBOUND ON 1300 HENDERSON STREET WHEN UNIT 1 SWERVED INTO UNIT 2 CAUSING A COLLISON.

900 W El Paso Street

1300 Henderson Street

NOT TO SCALE

## INVESTIGATOR

Time Notified (24HRMM) 0 0 2 7

How Notified SELF INITIATED

Time Arrived (24HR:MM) 0 0 2 7

Report Date (MM/DD/YYYY) 0 4 / 1 6 / 2 0 1 3

Invest. Comp. ☐ Yes ☒ No

Investigator Name (Printed) POPE   D   A

ID Num. 4089

ORI Num. T X 2 2 0 1 2 0 0

*Agency FORT WORTH POLICE DEPARTMENT

District/ Area C E N T R L

# EXHIBIT "2"

# AFFIDAVIT OF SERVICE

| State of TEXAS | County of TARRANT | 67TH JUDICIAL DISTRICT Court |
|---|---|---|

Case Number: 06727558814

FWT2014002952

Plaintiff:
**REBECCA ANN FULTS**

vs.

Defendant:
**NATHAN HENSLEE**

For:
MERIT COURT REPORTING-A VERITEXT COMPANY
307 W. 7th Street
Suite 1350
Fort Worth, TX  76102

Received these papers on the 26th day of November, 2014 at 11:05 am to be served on **NATHAN HENSLEE, 2712 WESTFIELD AVENUE, FORT WORTH, TARRANT County, TX 76133**.

I, Monty R. Crabb, being duly sworn, depose and say that on the **27th day of December, 2014** at **11:51 am, I:**

delivered a true copy of the **CITATION AND ORIGINAL PETITION** with the date of service endorsed thereon by me, to:

**NATHAN HENSLEE**  at the address of: **2712 WESTFIELD AVENUE, FORT WORTH, TARRANT County, TX 76133**, by

**INDIVIDUALLY/PERSONALLY** delivering to the above person, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am authorized by written order of the court to serve citation and other notices.  I have personal knowledge of the facts stated above and each is true and correct.

Subscribed and Sworn to before me on the __29__ day
of __December, 2014__ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**MEGAN NULL**
Notary Public, State of Texas
My Commission Expires
September 29, 2018

_____
**Monty R. Crabb**
SCH 378; Exp. 7/31/17

Our Job Serial Number: FWT-2014002952

*CITATION*

======================================

Cause No. 067-275588-14

REBECCA ANN FULTS

VS.

NATHAN HENSLEE

ISSUED

This 19th day of November, 2014

Thomas A. Wilder
Tarrant County District Clerk
401 W BELKNAP
FORT WORTH TX 76196-0402

By         KIMBERLY KRUMLAND Deputy

======================================

WILLIAM L KIRKMAN
Attorney for: REBECCA ANN FULTS
Phone No. (817)336-2800
ADDRESS: 201 MAIN ST STE 1160

FORT WORTH, TX 76102

*CIVIL LAW*



*06727558814000005*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**

THE STATE OF TEXAS                                            **ORIGINAL**

DISTRICT COURT, TARRANT COUNTY

---

CITATION                              *Cause No. 067-275588-14*

REBECCA ANN FULTS
VS.
NATHAN HENSLEE

TO: NATHAN HENSLEE

2712 WESTFIELD AVE FORT WORTH, TX 76133-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

REBECCA ANN FULTS

Filed in said Court on November 19th, 2014 Against
NATHAN HENSLEE

For suit, said suit being numbered 067-275588-14 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

WILLIAM L KIRKMAN
Attorney for REBECCA ANN FULTS Phone No. (817)336-2800
Address     201 MAIN ST STE 1160 FORT WORTH, TX 76102

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 19th day of November, 2014.

By _____ Deputy
KIMBERLY KRUMLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

---

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____    _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                         _____
County of _____, State of _____

*CITATION*

Cause No. 067-275588-14

REBECCA ANN FULTS

VS.

NATHAN HENSLEE

ISSUED

This 19th day of November, 2014

    Thomas A. Wilder
Tarrant County District Clerk
    401 W BELKNAP
FORT WORTH TX 76196-0402

By      KIMBERLY KRUMLAND Deputy

WILLIAM L KIRKMAN
Attorney for: REBECCA ANN FULTS
Phone No. (817)336-2800
ADDRESS: 201 MAIN ST STE 1160

    FORT WORTH, TX 76102

*CIVIL LAW*



*06727558814000005*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**

# EXHIBIT "3"

CAUSE NO. 067-275588

| | | |
|---|---|---|
| REBECCA ANN FULTS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| NATHAN HENSLEE, | § | |
| | § | |
| *Defendant.* | § | 67th JUDICIAL DISTRICT |

## FINAL JUDGMENT

On February 19, 2015, came on to be heard the above-styled and numbered cause wherein Rebecca Ann Fults is Plaintiff and Nathan Henslee is Defendant. The Plaintiff appeared in person and by and through her attorney of record and announced ready for trial. Defendant, although duly and legally cited to appear and answer, failed to appear and answer, and wholly made default.

Citation was served according to law and returned to the Clerk, where it remained on file for the time required by law. Defendant, by his default, has admitted the allegations of Plaintiff's *Petition.*

The Court, on good and sufficient evidence presented, finds as follows:

As a proximate result of Defendant's actions as alleged in *Plaintiff's Original Petition,* which Defendant has admitted, Plaintiff suffered and is

---

entitled to recover from Defendant reasonable and necessary medical expenses

in the amount of $ 15125.27;

Plaintiff lost wages in the amount of $ 3000.00 which she is entitled

to recover from Defendant;

Plaintiff endured pain and suffering for which she is entitled to recovery

$ 25,000.00 from Defendant;

Plaintiff has suffered mental anguish constituting a substantial disruption

in her daily routine and amounting to more than mere worry, anxiety, vexation,

embarrassment, or anger for which she is entitled to recover $ 25,000.00

from Defendant.

Plaintiff is entitled to recover exemplary damages in the amount of

$ 75,000.00.

Plaintiff is entitled to recover prejudgment interest in the amount of

$ 1813.70.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that

Plaintiff have and recover from Defendant the sum of $ 144,938.97 with

post-judgment interest thereon at the rate of 5% per annum from the date of this

*Judgment* until paid, together with all costs of court on her behalf expended.

Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this *Judgment*.

**SIGNED** this _*19*_ day of February, 2015.

JUDGE PRESIDING

# EXHIBIT "4"

## ASSIGNMENT AGREEMENT

This Agreement is made by and between Nathan Henslee, who currently resides at 205 West Southern Avenue, Saginaw, Texas 76179, and Ms. Rebecca Fults, who address is 4740 Ardenwood Drive, Fort Worth, Texas 76123.

**WHEREAS,** prior to April 16, 2013, Allstate County Mutual Insurance Company issued a policy of insurance to Nathan Henslee under which Nathan Henslee was insured;

**WHEREAS,** on April 16, 2013, while the aforementioned policy was in full force and effect, and while Mr. Henslee was operating an insured vehicle under the above-referenced policy, that being a Chrysler PT Cruiser station wagon, license plate #DG6G795, Henslee crashed into a car driven by Rebecca Fults, that being a Toyota Corolla, license plate #JJN469, all as more fully detailed in the attached Police Report issued with regard to the accident;

**WHEREAS,** Ms. Fults sustained injuries and damages as a result of the accident;

**WHEREAS,** the accident report determined that Mr. Henslee was at fault in the accident;

**WHEREAS**, the accident report reflected that Nathan Henslee was covered by insurance at the time of the accident with Allstate County Mutual Insurance Company;

**WHEREAS**, as a result of the accident and the injuries sustained by Ms. Fults and the insurance coverage afforded to Mr. Henslee by Allstate County Mutual Insurance Company, Rebecca Fults entered into negotiations with Allstate in an attempt to settle her dispute, but was unable to do so;

**WHEREAS**, Allstate communicated with Ms. Fults with regard to Ms. Fults' claim, indicating that it issued a claim number 0283013968QMH with regard to the claim made against Allstate by Rebecca Fults;

**WHEREAS**, Ms. Fults instituted suit against Nathan Henslee in the District Court of Tarrant County, Texas, on November 19, 2014;

**WHEREAS**, on February 19, 2015, Ms. Fults obtained a *Default Judgment* against Nathan Henslee in the amount of $144,938.97, with post-judgment interest running thereon at five (5%) percent per annum from the date of the *Judgment* until paid, together with all costs of court on her behalf expended;

**WHEREAS,** more than thirty (30) days has transpired since the *Judgment* was obtained, such that it is final and non-appealable;

**WHEREAS,** Nathan Henslee has represented to Ms. Fults that he is financially incapable of satisfying the judgment but is desirous of assigning all of his rights, title, and interest in and to the aforementioned insurance policy with Allstate County Mutual Insurance Company to Ms. Fults so that Ms. Fults shall possess all of Nathan Henslee's rights, title, and interest to said policy for the purpose of pursuing recovery of the judgment from Allstate and any and all other claims Nathan Henslee may have against Allstate as a result of the aforementioned accident and Allstate's refusal to settle with Ms. Fults;

**NOW THEREFORE,** for and in consideration of the aforementioned premises, Nathan Henslee does hereby fully, completely, and without reservation, assign any and all of his interest in and to the aforementioned policy of insurance issued by Allstate County Mutual Insurance Company to Rebecca Fults, such that Rebecca Fults shall be able to act for and on behalf of Nathan Henslee in her own name to bring any action against Allstate County Mutual Insurance Company as respects any legal rights Nathan Henslee has against Allstate, such that Rebecca Fults shall step into the shoes of Nathan Henslee as

the insured under the aforesaid Allstate insurance policy, in full and without reservation.

SIGNED this ____ day of April, 2017.

_____
Nathan Henslee

WITNESS:

_____
Donna Bakouris

_____
Rebecca Fults

FILED
TARRANT COUNTY
10/2/2017 2:40 PM
THOMAS A. WILDER
DISTRICT CLERK

## CONSTABLE'S RETURN

**Style of Case:**  **REBECCA ANN FULTS VS. ALLSTATE COUNTY MUTUAL INSURANCE COMPANY**

**Came into hand, this** __18__ day of __SEPTEMBER__ ,20 __17__ AT __11:31__

o'clock __A__ M. by executing and delivering a __CITATION__ issued out of the

**096-293963-**

state of __TEXAS__ under cause number: __17__ __19__ day

__SEPTEMBER__ , 20 __17__ , at __9:01__ o'clock __A__ M., to:

☐ _____ personally delivered/served true and correct copies of same.

OTHER NOTES: _____

☐ _____ pursuant to Rule 106/Rule 536, to an occupant:

_____ over the age of 16 years.

☐ _____ pursuant to Rule 106/Rule 536, by securely attaching

and/or affixing to the _____ of the defendant's last known place of
☐ business  ☐ abode.

☐ **ALLSTATE COUNTY MUTUAL INSURANCE COMPANY**  ☐ **A Corporation**  ☐ **A Business**

**Name:** __CT CORPORATION__  ☐ **President** ☐ **Vice-President** ☒ **Registered Agent**

☒ **By delivering to the defendant's registered agent for service, C.T. CORPORATION SYSTEM, through Their authorized agent to accept service: _ANTOINETTE WILLIAMS SOP INTAKE ASSOCIATE_**

**at 1999 BRYAN ST STE 900 Dallas, Texas 75201.**

**Service Address:** __1999 BRYAN ST STE 900 DALLAS TEXAS 75201__

☐ **RETURNED TO COURT AND/OR PLAINTIFF FOR THE FOLLOWING REASONS:**

_____

_____

**Service Fees: $** __80.00__

M. Johnson #195 DEPUTY CONSTABLE
**TRACEY L GULLEY, CONSTABLE**
**DALLAS COUNTY PRECINCT 1**

**COUNTY OF DALLAS**

**STATE OF TEXAS**

**SIGNED AND SWORN BY SAID** _____ , before me, this _____

**Day 0f** _____ 20 _____ , to certify which, witness my hand and seal of office.

__NOTARY PUBLIC-IN AND FOR THE STATE OF TEXAS__

Receipt# _9680_

Check# _10562_



THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

## CITATION

*Cause No. 096-293963-17*

REBECCA ANN FULTS
VS.
ALLSTATE COUNTY MUTUAL INSURANCE COMPANY

065106

TO: ALLSTATE COUNTY MUTUAL INSURANCE COMPANY

B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX 75201-3

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 96th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

REBECCA ANN FULTS

Filed in said Court on August 17th, 2017 Against
ALLSTATE COUNTY MUTUAL INSURANCE COMPANY

For suit, said suit being numbered 096-293963-17 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

WILLIAM L KIRKMAN
Attorney for REBECCA ANN FULTS Phone No. (817)336-2800
Address    201 MAIN ST STE 1160 FORT WORTH, TX 76102

_Thomas A. Wilder_ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 21st day of August, 2017.

LISA LETBETTER

A CERTIFIED COPY
ATTEST: 08/21/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Lisa Letbetter

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *09629396317000006*

Received this Citation on the _____ day of **SEP 1 8 2017** , _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

TRACEY GULLEY, CONSTABLE
DALLAS COUNTY PRECINCT 1

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ___
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

## *CITATION*

Cause No. 096-293963-17

## REBECCA ANN FULTS

### VS.

## ALLSTATE COUNTY MUTUAL
## INSURANCE COMPANY

### ISSUED

This 21st day of August, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        LISA LETBETTER Deputy

**WILLIAM L KIRKMAN**
Attorney for: REBECCA ANN FULTS
Phone No. (817)336-2800
ADDRESS: 201 MAIN ST STE 1160

FORT WORTH, TX 76102

## *CIVIL LAW*



*09629396317000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**

